IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES FREDERICK CUNDIFF,
    Plaintiff,

vs.                                      Case No. 3:12cv574/LC/CJK

WARDEN JORGE L. PASTRANA, et al.,
    Defendants.
_____

**REPORT AND RECOMMENDATION**

Plaintiff, a federal inmate currently confined at the Federal Correctional Institution in Coleman, Florida ("FCI-Coleman"), has filed a civil rights complaint under 28 U.S.C. § 1331 and *Bivens*[1], claiming that prison officials at FCI-Coleman denied him constitutionally adequate medical care. (Doc. 1). Upon review of the complaint, the undersigned concludes that this case should be transferred to the United State District Court for the Middle District of Florida, based on venue considerations.

Venue for civil actions is governed by 28 U.S.C. § 1391, which provides:

A civil action may be brought in – (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (recognizing an implied private action for damages against individual federal officers alleged to have violated a citizen's constitutional rights).

> district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3) (2012). Title 28 U.S.C. § 1404 provides district courts with discretionary authority to change the venue of a civil action. Section 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action under § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

The defendants in this action reside in Coleman, Florida, which is in Sumter County located within the Middle District. The acts or occurrences forming the basis of plaintiff's complaint occurred in Coleman, Florida. Thus, the attendance of witnesses and availability of sources of proof favor a transfer there. This community appears to have no relation to the litigation at issue. The fact that plaintiff's incarceration arises from a criminal conviction in this Court does not establish a connection between this district and the litigation at issue here. Neither the private

interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 4th day of December, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).